Submitted November 23, 2020, affirmed March 3, petition for review denied July 15, 2021 (368 Or 402)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOSHUA BRUCE WHITE,
aka Joshua Bruce Luethe,
*Defendant-Appellant.*

Jackson County Circuit Court
14CR05514; A170303

482 P3d 219

Lisa C. Greif, Judge. (Judgment)

Lorenzo A. Mejia, Judge. (Supplemental Judgment)

Ernest G. Lannet, Chief Defender, Criminal Appellate Section and Neil F. Byl, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Daniel Norris, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Defendant was found guilty by jury verdict on three counts of first-degree theft, ORS 164.055 (Counts 2, 3, and 4). The jury found defendant guilty on additional theft offenses, but those guilty verdicts were merged with the other counts. Defendant's appeal assigns eight errors. Assignments one through six allege error in denying motions for judgment of acquittal at the close of the state's case-in-chief; assignment seven alleges error for entry of a judgment of second-degree theft for Count 6 instead of the charged and convicted third-degree theft; and assignment eight alleges error in the jury instructions allowing for nonunanimous verdicts. We reject without discussion assignments of error one through six**.** Assignment of error seven is moot because the error in the judgment regarding Count 6 was corrected to reflect third-degree theft while this appeal has been pending.

In the eighth assignment of error, defendant asserts that instructing the jury that it could return nonunanimous verdicts constituted a structural error requiring reversal or warranting review for plain error. Subsequent to the United States Supreme Court's ruling in *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), the Oregon Supreme Court explained that giving a nonunanimous jury instruction was not a structural error that categorically requires reversal. *State v. Flores Ramos*, 367 Or 292, 319, 478 P3d 515 (2020). As this issue was not preserved and no jury poll was conducted, we decline to exercise our discretion to review the nonunanimous jury instructions for plain error. *State v. Dilallo*, 367 Or 340, 348-49, 478 P3d 509 (2020) (explaining that plain-error review for nonunanimous jury instructions without an accompanying jury poll is "contrary to the basic goal of procedural fairness *** that motivates the preservation requirement").

Affirmed.