Submitted September 30, 2020, affirmed March 3, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DOUGLAS RAY VILLINES,
*Defendant-Appellant.*

Malheur County Circuit Court
17CR81219; A168875

482 P3d 206

Lung S. Hung, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Eric Johansen, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Christopher Page, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Hadlock, Judge pro tempore.

PER CURIAM

Affirmed.

**PER CURIAM**

Defendant was found guilty by jury verdict on two counts of first-degree sexual abuse, ORS 163.427 (Counts 1 and 2); two counts of attempted first-degree unlawful sexual penetration, ORS 161.405(2)(b) (Counts 3 and 5); and one count each of attempted rape in the first degree, ORS 161.405(2)(b) (Count 4), first-degree sodomy, ORS 163.405 (Count 6), and failure to report as a sex offender, ORS 163A.040(3)(b) (Count 9). Defendant was acquitted of one count of first-degree sexual abuse (Count 7) and one count of attempt to commit first-degree rape (Count 8). On appeal, defendant assigns error to the trial court's (1) alleged use of information outside the evidence in the record to deny a motion for judgment of acquittal; (2) denial of his motion for judgment of acquittal; and (3) jury instructions allowing nonunanimous verdicts. We reject without written discussion assignments of error one and two.

In the third assignment of error, defendant asserts that instructing the jury that it could return nonunanimous verdicts constituted a structural error requiring reversal or warranting review for plain error. Subsequent to the United States Supreme Court's ruling in *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), the Oregon Supreme Court explained that nonunanimous jury instruction was not a structural error that categorically requires reversal. *State v. Flores Ramos*, 367 Or 292, 319, 478 P3d 515 (2020). As this issue was not preserved and no jury poll was conducted, we decline to exercise our discretion to review the nonunanimous jury instructions for plain error. *State v. Dilallo*, 367 Or 340, 348-49, 478 P3d 509 (2020) (explaining that plain error review for nonunanimous jury instructions without an accompanying jury poll is "contrary to the basic goal of procedural fairness \*\*\* that motivates the preservation requirement").

Affirmed.