Argued and submitted August 10, 2020, reversed and remanded March 3, 2021

# STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

# ERIC SHAWN UNDERLAND,
*Defendant-Appellant.*

## Coos County Circuit Court
18CR37719; A168748

483 P3d 44

Martin E. Stone, Judge.

Stephanie J. Hortsch, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Susan G. Howe, Assistant Attorney General, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Peenesh Shah, Assistant Attorney General.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

PER CURIAM

Reversed and remanded.

## PER CURIAM

Defendant appeals a judgment of conviction for one count each of coercion, ORS 163.275, and menacing, ORS 163.190. At defendant's jury trial, defendant objected as hearsay to Officer Wetmore's testimony about a number of statements that the alleged victim, V, had made to him. The trial court ruled that Wetmore's testimony was admissible on two grounds: (1) under OEC 803(18a), which allows to be admitted as an exception to the hearsay rule a "complaint" of abuse (as defined in ORS 107.075) made after the commission of the alleged abuse, provided that the evidence of the complaint is "confined to the fact that the complaint was made"; and (2) under OEC 801(4)(a)(B), which provides that a statement is not hearsay if the declarant testifies at the trial and is subject to cross-examination, and the statement is consistent with the testimony of the witness and is offered to rebut an inconsistent statement or a charge of recent fabrication. Defendant contends on appeal that it was error for the trial court to rely on either ground as support for its ruling.[1]

The state does not defend the trial court's ruling that Wetmore's testimony was admissible under OEC 803(18a), and at oral argument, it conceded that OEC 801 (4)(a)(B) does not justify the ruling. Rather, the state argues that, under the "right for the wrong reason" doctrine, Wetmore's testimony was admissible under OEC 803(26), which allows admission of a statement that "purports to narrate, describe, report or explain an incident of domestic violence" (as defined in ORS 135.230), provided that the statement was made to a police officer and has sufficient indicia of reliability.

Under the "right for the wrong reason" doctrine described in *Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 659-60, 20 P3d 180 (2001), one of the prerequisites for us to exercise our discretion to affirm a trial court decision is that "the record materially [is] the

---

[1] Defendant also argues that it was structural error or, alternatively, plain error for the trial court to instruct the jury that its verdicts need not be unanimous. That argument was foreclosed recently by the Oregon Supreme Court. *State v. Dilallo*, 367 Or 340, 478 P3d 509 (2020).

same one that would have been developed had the prevailing party raised the alternative basis for affirmance below." Here, for the court to have relied on OEC 803(26) to admit the evidence, it would have been required to determine whether V's statements to Wetmore had "sufficient indicia of reliability," considering "all circumstances surrounding the statement." OEC 803(26)(b) (identifying nonexclusive factors to determine reliability). Defendant counters the state's argument by pointing out that the trial court did not apply the reliability factors set out in ORS 803(26)(b) and, had the state argued below that Wetmore's testimony about V's statements was admissible under OEC 803(26), defendant would have argued to the court that the exception did not apply and would have made a record supporting that argument. We agree with defendant.

Because we reject the alternative basis for affirmance advanced by the state, and because neither of the trial court's actual grounds for admitting the challenged testimony was correct, we reverse and remand the judgment.

Reversed and remanded.