Submitted November 12, 2020, affirmed March 31, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BRANDY MARIE SANDOVAL,
*Defendant-Appellant.*

Douglas County Circuit Court
18CR55948; A170653

484 P3d 401

Ann Marie Simmons, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Zachary Lovett Mazer, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Christopher A. Perdue, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Following a short police chase in Douglas County, defendant was charged with and convicted by a jury of multiple felony and misdemeanor offenses. On appeal, defendant asserts that the trial court erred by failing to provide jury-concurrence instructions for several of the counts and, additionally, by instructing the jury that it could convict by nonunanimous verdicts. We reject without written discussion all of the assignments of error except that relating to the nonunanimous jury instruction.

In her fifth assignment, defendant claims that the trial court committed a structural error by instructing the jury it could return a nonunanimous verdict. Subsequent to the United States Supreme Court's ruling in *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), the Oregon Supreme Court explained that a nonunanimous jury instruction was not a structural error that categorically requires reversal. *State v. Flores Ramos*, 367 Or 292, 319, 478 P3d 515 (2020). As this issue was not preserved and no jury poll was conducted, we decline to exercise our discretion to review the nonunanimous jury instructions for plain error. *State v. Dilallo*, 367 Or 340, 348-49, 478 P3d 509 (2020) (explaining that plain error review for nonunanimous jury instructions without an accompanying jury poll is "contrary to the basic goal of procedural fairness * * * that motivates the preservation requirement").

Affirmed.