Submitted December 17, 2020, reversed and remanded April 14, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CORY RAY ALTAMIRANO,
*Defendant-Appellant.*

Jefferson County Circuit Court
19CR30125; A171445

485 P3d 309

Daniel R. Murphy, Senior Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Andrew D. Robinson, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Patrick M. Ebbett, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Reversed and remanded.

**PER CURIAM**

Defendant was convicted by jury verdict of violating a stalking protective order, ORS 163.750(2)(b). On appeal, defendant argues that the trial court erred by denying his motion for judgment of acquittal. We reject that argument without discussion. Further, he argues that the trial court erred in instructing the jury that it need not reach a unanimous verdict, and contends that, because the erroneous jury instruction constituted a structural error, his conviction must be reversed in light of *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), which held that nonunanimous jury verdicts violate the Sixth Amendment to the United States Constitution. While the Oregon Supreme Court rejected the argument that giving a nonunanimous jury instruction constituted structural error in *State v. Flores Ramos*, 367 Or 292, 319, 478 P3d 515 (2020), our inquiry does not end there. The question remains whether the error nonetheless requires reversal.

In this case, defendant requested in writing that jury instructions requiring unanimity be provided. The trial court declined to do so over defendant's objection. As we explained in *State v. Scott*, 309 Or App 615, 619, 483 P3d 701 (2021), the combination of a request for a unanimous jury instruction and objection at trial was sufficient to preserve the issue concerning a nonunanimous jury instruction for appeal. We further explained that when the unanimous verdict instruction issue has been preserved by a criminal defendant and the erroneous instruction given, it is then incumbent on the state to demonstrate harmlessness beyond a reasonable doubt to avoid reversal on appeal. *Id.* at 620-21 (applying the federal harmlessness analysis because the erroneous jury instruction violated the Sixth Amendment). In this case, defendant preserved the error, the jury was not polled, and, as a consequence of the omission of the poll, the state has not demonstrated that the erroneous instruction was harmless beyond a reasonable doubt. Therefore, defendant is entitled to reversal. *Id.* at 621.

Reversed and remanded.