Argued and submitted January 29, reversed and remanded May 12, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JUAN PERALES, JR.,
*Defendant-Appellant.*

Washington County Circuit Court
18CR85280; A171813

489 P3d 597

D. Charles Bailey, Jr., Judge.

Morgen E. Daniels, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Peenesh Shah, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

PER CURIAM

Reversed and remanded.

## PER CURIAM

Defendant was convicted by jury verdict of first-degree sexual abuse, fourth-degree assault constituting domestic violence, strangulation, and menacing constituting domestic violence. On appeal, defendant argues that the trial court erred by failing to provide a "witness false in part" jury instruction, such as UCrJI 1029. We ultimately reverse and remand on another basis, and we do not reach this argument. Defendant's other argument is that the trial court erred in instructing the jury that it need not reach unanimous verdicts, and he contends that, because the erroneous jury instruction constituted a structural error, his conviction must be reversed in light of *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020). While the Supreme Court rejected the structural error argument in *State v. Flores Ramos*, 367 Or 292, 319, 478 P3d 515 (2020), our inquiry does not end there.

In this case, defendant requested in writing that jury instructions requiring unanimity be provided. The trial court declined to do so over defendant's objection. As we explained in *State v. Scott*, 309 Or App 615, 619, 483 P3d 701 (2021), the combination of request for unanimous jury instruction and objection at trial was sufficient to preserve the argument for appeal.[1] We further explained that when the unanimous verdict instruction issue has been preserved, it is then incumbent on the state, as the party receiving the benefit of the constitutional error, to demonstrate harmlessness beyond a reasonable doubt. *Id.* at 620-21 (applying the federal harmlessness analysis because the erroneous jury instruction violated the Sixth Amendment). Because in this case the jury was not polled, the state cannot demonstrate that the erroneous instruction was harmless beyond

---

[1] In this case, the state argues that defendant failed to preserve his claim regarding the erroneous jury instruction because he did not request a jury poll. While it is true the Sixth Amendment prohibits *acceptance* of or *receiving* nonunanimous guilty jury verdicts, *State v. Ulery*, 366 Or 500, 501, 503, 464 P3d 1123 (2020), the Sixth Amendment also prohibits providing a jury instruction allowing nonunanimous verdicts. *Flores Ramos*, 367 Or at 299. As in *Scott*, the error in this case was not in accepting a nonunanimous verdict, because without a poll, it is impossible to ascertain whether the verdict was unanimous; rather the error lies in providing the instruction allowing nonunanimous verdicts.

a reasonable doubt, and therefore defendant is entitled to relief. *Id.* at 621.

Reversed and remanded.