Submitted November 23, 2020, reversed and remanded May 12, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ROBERT VINCENT CLARK,
*Defendant-Appellant.*

Wheeler County Circuit Court
150025CR; A169778

489 P3d 592

Karen Ostrye, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and David Sherbo-Huggins, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Peenesh Shah, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

PER CURIAM

Reversed and remanded.

## PER CURIAM

Defendant was convicted by jury verdict of three counts of first-degree sexual abuse and one count each of first-degree unlawful sexual penetration and attempted sodomy. On appeal, defendant argues that the trial court erred by allowing the forensic interviewer to testify under OEC 702 as an expert with insufficient foundation to testify as an expert on issues of memory. We ultimately reverse and remand on another basis, and we do not reach this argument. Defendant's other argument is that the trial court erred in instructing the jury that it need not reach unanimous verdicts; he contends that, because the erroneous jury instruction constituted a structural error, his conviction must be reversed in light of *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020). While the Supreme Court rejected the structural error argument in *State v. Flores Ramos*, 367 Or 292, 319, 478 P3d 515 (2020), our inquiry does not end there.

In this case, defendant requested in writing and several times at trial that jury instructions requiring unanimity be provided. The trial court declined to do so over defendant's objection. As we explained in *State v. Scott*, 309 Or App 615, 619, 483 P3d 701 (2021), the combination of request for unanimous jury instruction and objection at trial was sufficient to preserve the argument for appeal.[1] We further explained that when the unanimous verdict instruction issue has been preserved, it is then incumbent on the party—in this case the state—receiving the benefit of the constitutional error to demonstrate harmlessness beyond a reasonable doubt. *Id.* at 620-21 (applying the federal harmlessness analysis because the erroneous jury instruction violated the Sixth Amendment). Because in this case the jury was not polled, the state cannot demonstrate that the

---

[1] In this case, the state argues that defendant failed to preserve his claim regarding the erroneous jury instruction because he did not request a jury poll. While it is true the Sixth Amendment prohibits acceptance of or *receiving* nonunanimous guilty jury verdicts, *State v. Ulery*, 366 Or 500, 501, 503, 464 P3d 1123 (2020), the Sixth Amendment also prohibits providing a jury instruction allowing nonunanimous verdicts. *Flores Ramos*, 367 Or at 299. As in *Scott*, the error in this case was not in accepting a nonunanimous verdict, because without a poll, it is impossible to ascertain whether the verdict was unanimous; rather the error lies in providing the instruction allowing nonunanimous verdicts.

erroneous instruction was harmless beyond a reasonable doubt, and therefore defendant is entitled to relief. *Id.* at 621.

Reversed and remanded.