Argued and submitted December 10, 2019, reversed and remanded
June 16, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LUIS MIGUEL ESTRADA-ROBLES,
*Defendant-Appellant.*

Lane County Circuit Court
17CR49171; A167433

492 P3d 731

In this case, over defendant's objection, the trial court instructed the jury that it could convict defendant of the crimes with which he was charged without unanimously finding him guilty. The jury found defendant guilty of one count of first-degree sexual abuse, ORS 163.427, and two counts of second-degree unlawful sexual penetration, ORS 163.408. Neither party requested a jury poll. Defendant argues that the court erred in instructing the jury that it could return nonunanimous verdicts. *Held*: Under *State v. Scott*, 309 Or App 615, 483 P3d 701 (2021), when a defendant objects to a nonunanimous jury instruction and an erroneous instruction is nonetheless given, it is incumbent on the state to demonstrate the harmlessness of that error beyond a reasonable doubt. The state did not sustain that burden.

Reversed and remanded.

Mustafa T. Kasubhai, Judge.

Sarah Laidlaw, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Joanna Hershey, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

DeHOOG, J.

Reversed and remanded.

Mooney, J., dissenting.

**DeHOOG, J.**

A jury found defendant guilty of one count of first-degree sexual abuse, ORS 163.427, and two counts of second-degree unlawful sexual penetration, ORS 163.408. The trial court imposed the mandatory minimum sentence of 75 months' imprisonment on each count and ordered defendant to serve each sentence consecutively. On appeal, defendant argues that the court erred in (1) instructing the jury that it could return nonunanimous verdicts, (2) admitting testimony by a forensic interviewer concerning "grooming" and "recantation" in the context of child sexual abuse allegations, and (3) imposing constitutionally excessive 75-month sentences, the last of which defendant asserts constituted plain error.[1] As we explain below, we agree with defendant that the nonunanimous-jury instruction was erroneous and that the error requires us to reverse his convictions on all counts. That conclusion obviates the need to address defendant's other assignments of error and, although the issues underlying those assignments of error may arise anew on retrial, the record may well develop differently on remand. Accordingly, we do not address them. We reverse and remand.

In *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), the United States Supreme Court held that nonunanimous jury verdicts violate the Sixth Amendment to the United States Constitution. Moreover, instructing the jury that its verdict need not be unanimous itself results in a violation of the Sixth Amendment; defendant's argument that the trial court erred in instructing the jury is therefore well taken. *See State v. Flores Ramos,* 367 Or 292, 319, 478 P3d 515 (2020); *State v. Scott*, 309 Or App 615, 620, 483 P3d 701 (2021) (discussing *Flores Ramos*). Because that error is not structural error, however, the question reduces to whether the error "'was harmless beyond a reasonable doubt.'" *Flores Ramos*, 367 Or at 320 (quoting

___

[1] Following the submission of defendant's appeal, the trial court amended its judgment to correctly reflect the numbers of the counts on which defendant was convicted and sentenced. Defendant has timely filed notice of his intent to proceed with his appeal, as provided in ORS 138.071(4). Neither party has suggested that the court's amendment of the judgment has any bearing on the merits of defendant's appeal.

*Arizona v. Fulminante*, 499 US 279, 307-08, 111 S Ct 1246, 113 L Ed 2d 302 (1991)).

In this case, defendant objected to the nonunanimous-jury instruction. He also proposed an alternative jury instruction and submitted written argument in support of that instruction and jury unanimity. However, neither party requested that the jury be polled after it reached its verdicts, and, therefore, the trial court did not conduct a poll. As we recently explained in *Scott*, 309 Or App at 619, defendant's objection to the jury instruction was sufficient to preserve the nonunanimous-instruction issue for appeal. We further held in *Scott* that, when a defendant has preserved that issue by objecting at trial and an erroneous instruction has nonetheless been given, it is incumbent on the state to demonstrate the harmlessness of that error beyond a reasonable doubt. *Id*. at 620-21; *cf. State v. Dilallo*, 367 Or 340, 345-46, 478 P3d 509 (2020) (concluding that trial court plainly erred in giving nonunanimous-jury instruction, but declining to correct that plain error where defendant failed to preserve objection to the jury instruction and the jury was not polled). Here, given the lack of a jury poll in the record, the state is unable to demonstrate that the error was harmless beyond a reasonable doubt. *Scott*, 309 Or App at 616 (so holding where both defendant and state had expressly declined a jury poll); *see also State v. Burke*, 311 Or App 611, 612-13, 489 P3d 1125 (2021) (so holding where defendant declined poll).

In light of the state's inability to sustain its burden of establishing beyond a reasonable doubt that the trial court's instructional error was harmless, we reverse the judgment of conviction as to all counts and remand for further proceedings. Furthermore, that disposition obviates the need for us to address the evidentiary and sentencing issues identified in defendant's remaining assignments of error. We note, however, that, if the issue concerning grooming and recantation evidence arises again on remand, the trial court will have the opportunity to consider it in light of more recent case law. *See, e.g., State v. Henley*, 363 Or 284, 422 P3d 217 (2018) (concluding that evidence from forensic interviewer concerning grooming behavior was scientific evidence); *State v. Etzel*, 310 Or App 761, 488 P3d 783 (2021) (same); *State v. Plueard*, 296 Or App 580, 439 P3d 556, *adh'd*

*to as modified on recons*, 297 Or App 592, 443 P3d 1195 (2019) (same).

Reversed and remanded.

**MOONEY, J.,** dissenting.

I respectfully dissent, relying upon my special concurrence in *State v. Scott*, 309 Or App 615, 621-24, 483 P3d 701 (2021) (Mooney, J., specially concurring), and my dissenting opinion in *State v. Burke*, 311 Or App 611, 613-14, 489 P3d 1125 (2021) (Mooney, J., dissenting).