Submitted May 26, 2020; conviction on Count 2 reversed and remanded, otherwise affirmed November 3, 2021; petition for review denied February 24, 2022 (369 Or 338)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LACY MARIE LYONS,
*Defendant-Appellant.*

Lane County Circuit Court
17CR03010; A167796

500 P3d 697

Suzanne B. Chanti, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Andrew Robinson, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Philip Thoennes, Assistant Attorney General, filed the brief for respondent.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

PER CURIAM

Conviction on Count 2 reversed and remanded; otherwise affirmed.

**PER CURIAM**

Defendant appeals a judgment convicting her of murder, ORS 163.115, and second-degree assault, ORS 163.175. We reject without discussion her first assignment of error and write only to address her second. As relevant to that assignment of error, defendant sought to have the trial court instruct the jury that it must return unanimous verdicts on all counts. The court rejected that argument and, instead, instructed the jury that it must return a unanimous verdict on the murder charge but that its verdicts on the lesser-included offense of first-degree manslaughter and on the assault charge need not be unanimous. The jury returned a unanimous verdict of guilty on the murder charge and did not reach the lesser-included manslaughter charge. The record does not reflect whether the verdict on the assault charge was unanimous.

On appeal, defendant contends that the court erred in instructing the jury that it could find her guilty of first-degree manslaughter and second-degree assault by nonunanimous verdict. She contends that the court's nonunanimous-jury instructions constitute structural error or, alternatively, that the erroneous instructions affected the verdict on the assault charge.

In light of *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), and *State v. Flores Ramos*, 367 Or 292, 299, 478 P3d 515 (2020), defendant is correct that the trial court erred in instructing the jury that it could find her guilty of first-degree manslaughter and second-degree assault by nonunanimous verdict.

That error does not in its own right compel reversal of defendant's assault conviction. *See Flores Ramos*, 367 Or at 319 (rejecting argument—raised by defendant here as well—that nonunanimous-jury verdicts constitute structural error). However, in *State v. Scott*, 309 Or App 615, 483 P3d 701 (2021), we held that, when a trial court gives a nonunanimous-jury instruction over a defendant's objection, it is incumbent on the state to demonstrate that the instructional error was harmless beyond a reasonable doubt. *State v. Burke*, 311 Or App 611, 612, 489 P3d 1125 (2021). Here, because the record does not reflect whether the verdict was

unanimous on the assault charge, the state cannot satisfy its burden to demonstrate that the instructional error was harmless beyond a reasonable doubt as to that count. *See Scott*, 309 Or App at 618. Accordingly, we reverse defendant's assault conviction.

Conviction on Count 2 reversed and remanded; otherwise affirmed.