Submitted on remand from the Oregon Supreme Court June 24, 2021, reversed and remanded March 16, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DELONTE ANTONIO BROOKS,
*Defendant-Appellant.*

Lane County Circuit Court
17CR10554; A165569

505 P3d 1046

On remand from the Oregon Supreme Court, *State v. Brooks*, 368 Or 168, 486 P3d 794 (2021).

Suzanne B. Chanti, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Anne Fujita Munsey, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Hannah K. Hoffman, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and James, Judge.

PER CURIAM

Reversed and remanded.

## PER CURIAM

Defendant appeals from a judgment of conviction on three counts of robbery in the first degree with a firearm, ORS 164.415, and one count each of theft in the first degree with a firearm, ORS 164.055, kidnapping in the second degree with a firearm, ORS 163.225, and burglary in the first degree with a firearm, ORS 164.225. In our previous opinion in this matter, we addressed defendant's first assignment of error, but affirmed without discussion his second assignment of error, wherein he argued that the trial court erred in denying his request for a unanimous jury instruction. Subsequently, this case was remanded to us by the Oregon Supreme Court in light of *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020).

Here, defendant requested a unanimous jury instruction, and excepted to the giving of the nonunanimous instruction, but the jury was not ultimately polled. Under that scenario, this case is controlled by *State v. Scott*, 309 Or App 615, 483 P3d 701 (2020), and its progeny: *State v. Burke*, 311 Or App 611, 489 P3d 1125 (2021); *State v. Perales*, 311 Or App 442, 489 P3d 597 (2021); *State v. Clark*, 311 Or App 439, 489 P3d 592 (2021); *State v. Altamirano*, 310 Or App 691, 485 P3d 309 (2021); and *State v. Yother*, 310 Or App 563, 484 P3d 1098 (2021). As we explained:

"In *State v. Scott*, 309 Or App 615, 620-21, 483 P3d 701 (2021), we explained that when the unanimous verdict instruction issue has been preserved and the erroneous instruction given, it is then incumbent on the party receiving the benefit of the constitutional error—the state—to demonstrate that the instructional error was harmless beyond a reasonable doubt. In this situation, the burden is not on defendant to demonstrate that the error was harmful, but on the state to demonstrate that the error was harmless beyond a reasonable doubt. *Id*. at 617-18 (citing cases concerning federal constitutional error standard). Given the lack of a jury poll in this case, the state is unable to demonstrate that the error was harmless beyond a reasonable doubt."

*Burke*, 311 Or App at 612-13. Accordingly, defendant's convictions are reversed, and this case is remanded for further proceedings.

Reversed and remanded.