Submitted December 15, 2020, affirmed February 18, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOSHUA LEWIS KUNTZ,
*Defendant-Appellant.*

Washington County Circuit Court
18CR03087, 17CR36358;
A170240 (Control), A170241

481 P3d 1031

Richard L. Barron, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Stephanie Hortsch, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Patricia G. Rincon, Assistant Attorney General, filed the brief for respondent.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

In this consolidated appeal, defendant contests his convictions of failure to perform the duties of a driver to injured persons, ORS 811.705(2)(a) (Count 1), and unauthorized use of a vehicle, ORS 164.135 (Count 2). As a result of those convictions, defendant was found to have violated probation from an earlier conviction. On appeal, defendant claims, in three assignments of error, that the trial court erred by (1) entering a judgment of conviction despite insufficient evidence to support a jury verdict of guilt for Count 1, (2) providing jury instruction allowing nonunanimous verdicts, and (3) relying on the faulty convictions to find violation of probation for earlier convictions. We reject the first assignment of error without written discussion and, for the reasons described below, reject the second and third assignments.

In the second assignment, defendant asserts that instructing the jury that it could return nonunanimous verdicts constitutes a structural error requiring reversal. After the United States Supreme Court ruled against nonunanimous verdicts for serious offenses in *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), the Oregon Supreme Court explained that providing a nonunanimous jury instruction is not a structural error that categorically requires reversal. *State v. Flores Ramos*, 367 Or 292, 319, 478 P3d 515 (2020). As this issue was not preserved and no jury poll was conducted, we decline to exercise our discretion to review the nonunanimous jury instructions for plain error. *State v. Dilallo*, 367 Or 340, 348-49, 478 P3d 509 (2020) (explaining that plain error review for nonunanimous jury instructions without an accompanying jury poll is "contrary to the basic goal of procedural fairness *** that motivates the preservation requirement"). We therefore reject the second assignment of error. Because defendant's third assignment depends on a determination of reversible error in the first or second assignment, the third assignment fails.

Affirmed.