Submitted March 10, affirmed July 6, petition for review denied October 5, 2023
(371 Or 476)

DONALD LEE MANDELL,
*Petitioner-Appellant,*

*v.*

Jamie MILLER,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
20CV31010; A177645

533 P3d 815

Petitioner appeals from a judgment denying his petition for post-conviction relief, arguing that his convictions were obtained in violation of his constitutional rights because the jury that convicted him was instructed that only 10 jurors needed to agree on his guilt. The record does not indicate, however, whether the jury in fact reached unanimity, because neither defense counsel nor the prosecutor requested that the jurors be polled. *Held*: Petitioner was not entitled to relief because he did not meet his burden to prove that the nonunanimous jury instruction was consequential to his conviction.

Affirmed.

J. Burdette Pratt, Senior Judge.

Jedediah Peterson and O'Connor Weber LLC filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Erin K. Galli, Assistant Attorney General, filed the briefs for respondent.

Before Lagesen, Chief Judge, and Kamins, Judge, and Armstrong, Senior Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Petitioner appeals from a judgment denying his petition for post-conviction relief (PCR), raising three assignments of error, each of which relates to the fact that, as permitted by the law at the time, the jury that convicted petitioner was instructed that only 10 jurors needed to agree on his guilt. The record does not indicate, however, whether the jury in fact reached unanimity, because neither defense counsel nor the prosecutor requested that the jurors be polled. Because we conclude that petitioner is not entitled to relief in those circumstances, we affirm.

We accept the post-conviction court's supported implicit and explicit factual findings and review for legal error. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). Petitioner was convicted in 2016 of two counts of sexual abuse in the first degree, and the judgment of conviction became final the following year. In 2018, petitioner initiated a post-conviction proceeding on allegations unrelated to this case, which was subsequently denied.[1] *See Mandell v. Cain*, 315 Or App 471, 500 P3d 762 (2021), *rev den*, 369 Or 507 (2022) (affirming that denial). Petitioner filed the instant petition in 2020, after the United States Supreme Court held that the Sixth Amendment to the United States Constitution requires that a jury reach a unanimous verdict to convict someone of a felony. *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020).

Petitioner raised three claims for relief, which correspond to his three assignments of error on appeal. The first claim contended that his trial counsel rendered inadequate and ineffective assistance of counsel, in violation of his rights under Article I, section 11, of the Oregon Constitution and the Sixth Amendment to the United States Constitution, by not objecting to the nonunanimous jury instruction and not requesting that the jury be polled. That claim is foreclosed by our decision in *Smith v. Kelly*, where we held that trial counsel do not perform deficiently by failing to raise the unanimity issue before *Ramos* was litigated. 318 Or App 567, 569, 508 P3d 77 (2022), *rev den*, 370 Or 822

___

[1] In this appeal, the superintendent does not rely on any of the procedural defenses in the Post-Conviction Hearings Act.

(2023); *see also Aaron v. Kelly*, 325 Or App 262, 266, 528 P3d 1215 (2023) (concluding that trial counsel's pre-*Ramos* decision not to challenge the nonunanimous jury instruction and not to request a jury poll was reasonable).

Petitioner's remaining assignments of error challenge the PCR court's denial of standalone claims that his convictions were obtained in violation of the unanimity rule announced in *Ramos*. We begin our discussion with a brief overview of the pertinent law. As relevant here, the Post-Conviction Hearings Act provides that to obtain relief, petitioners must establish that there was a "substantial denial" of their constitutional rights in the proceedings that resulted in their conviction. ORS 138.530(1)(a). The Supreme Court has recently interpreted that phrase to mean that the denial of a constitutional right must have been "(1) consequential in the criminal justice proceeding; and (2) offensive to our judicial sense of fairness." *Watkins v. Ackley*, 370 Or 604, 630, 523 P3d 86 (2022) (internal quotation marks omitted). The court then applied that interpretation to conclude that petitioners who were convicted by nonunanimous jury verdicts are entitled to post-conviction relief because such convictions "violate[] our sense of what is fundamentally fair in a criminal proceeding." *Id.* at 633.

The court did not address, however, whether petitioners are likewise entitled to relief when the underlying jury verdict may, or may not, have been unanimous. In *Watkins*, the erroneous jury instruction was clearly "consequential in the criminal justice proceeding," since without it, the petitioner would not have been convicted. *Id.* at 608 (noting that all four of the petitioner's convictions were based on nonunanimous verdicts). The question for us, then, is whether the same is true in this case, where the record is silent on whether the jury's verdicts were, in fact, unanimous. Because petitioner seeks PCR, he bears the burden to prove that the instruction was consequential to his case. ORS 138.620(2) ("The burden of proof of facts alleged in the petition shall be upon the petitioner to establish such facts by a preponderance of the evidence.").

Turning to the parties' arguments, petitioner offers evidence presented by the state in a different case that

approximately two thirds of jury trials from 2001 to 2018 included at least one nonunanimous conviction. In petitioner's view, that shows that it is more likely than not that one or both of his convictions were based on a nonunanimous verdict. The superintendent responds that such general statistics do not indicate that either—let alone both—of the verdicts in *petitioner's* trial were actually nonunanimous. The superintendent further points out that accepting petitioner's argument would mean presuming prejudice with respect to every conviction in every case where the jury was not polled, thereby relieving petitioners of their burden of proof.

We agree with the superintendent. General statistical information about the criminal justice system as a whole does not establish what happened in petitioner's particular case. *See McDonnell v. Premo*, 309 Or App 173, 187, 483 P3d 640 (2021), *rev den*, 369 Or 507 (2022) ("[A]*ctual* prejudice must be shown." (Emphasis in original.)); *Id.* at 192 (presuming prejudice "is not permissible in the post-conviction context under Oregon law"). Because there is nothing in this record to suggest that the verdicts in petitioner's case were actually nonunanimous, we conclude that petitioner has not met his burden to prove that the nonunanimous jury instruction was consequential to his conviction.

We are guided in that conclusion by the Supreme Court's decisions applying *Ramos* to criminal cases on direct review. In that posture, the court will correct the giving of an instruction allowing for the jury to return a nonunanimous guilty verdict only when the record indicates that the verdict was, in fact, nonunanimous. *Compare State v. Ulery*, 366 Or 500, 502, 464 P3d 1123 (2020) (reversing as plain error where the verdicts were nonunanimous) *with State v. Flores Ramos*, 367 Or 292, 333, 478 P3d 515 (2020) (affirming convictions where the verdicts were unanimous because the error was harmless beyond a reasonable doubt).

In *State v. Dilallo*, the Supreme Court considered an unpreserved challenge to a nonunanimous jury instruction when there was no evidence as to whether the verdict was unanimous or not. 367 Or 340, 346, 478 P3d 509 (2020). The court declined to exercise its discretion to correct the error because, had the defendant objected or requested a jury poll,

the result of that poll "would not only be important, it would likely be dispositive." *Id*. at 347. The court further reasoned that reversing the defendant's conviction would lead to an "anomaly" in that "many defendants in cases where the jury was polled will have their convictions affirmed if the poll revealed that the verdicts were unanimous," but defendants with unpolled juries "would be guaranteed a reversal, regardless of whether the jury reached a unanimous verdict, because of a deficiency in the record that could have been avoided if [they] had objected." *Id*. at 348.

The flaw in the record in *Dilallo* is equally present here, and a reversal would create that same anomaly. Without a jury poll, petitioner does not have the "dispositive" evidence to meet his burden of proof. *Id*. at 347. Were we to conclude otherwise, petitioners who were convicted by unpolled juries would be entitled to collateral relief even if the verdict was unanimous, while petitioners whose juries were polled and revealed to be unanimous would, in effect, be in a worse position than if they had not raised the issue at all. The contrary result would effectively relieve petitioners of their burden of proof altogether, since it would require relief for every unpolled jury verdict.

For those reasons, we conclude that post-conviction petitioners cannot prove that a *Ramos* violation was consequential in their case when the record does not indicate whether the jury that convicted them was, in fact, nonunanimous, and are therefore not entitled to relief.

Affirmed.