702 August 28, 2024 No. 625

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

SIMON CORONA,
*Petitioner-Appellant,*

*v.*

Erin REYES,
Superintendent,
Two Rivers Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
20CV05168; A178615

Daniel J. Hill, Judge.

Submitted August 1, 2024.

Jedediah Peterson and Equal Justice Law filed the brief for appellant. Simon C. Corona filed the supplemental brief *pro se*. Jedediah Peterson and Equal Justice Law filed the supplemental brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Ryan Kahn, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, Kamins, Judge, and Balmer, Senior Judge.

BALMER, S. J.

Affirmed.

**BALMER, S. J.**

Petitioner appeals from a judgment denying him post-conviction relief. After a jury trial in 2006, petitioner was convicted of multiple sex crimes, and he was sentenced to a lengthy period of incarceration. In 2008, we affirmed without issuing an opinion. *State v. Corona*, 222 Or App 330, 194 P3d 193, *rev den*, 345 Or 503 (2008). Petitioner filed for post-conviction relief in 2009, but the post-conviction court denied relief. In January 2020, petitioner filed a *pro se* petition for post-conviction relief arguing, among other things, that trial counsel, appellate counsel, and post-conviction counsel were ineffective and inadequate. Appointed counsel filed a notice pursuant to ORS 138.590(5)[1] that the petition could not be amended to state a ground for relief. Counsel averred that "[a]lthough it was possible that petitioner may have been able to pursue a *Ramos* claim, the trial transcript reveals all unanimous jury verdicts."[2] After a hearing on the sufficiency of the petition, the post-conviction court dismissed it, and the court later clarified that the petition was dismissed as time-barred and successive. We affirm.

We accept the post-conviction court's supported implicit and explicit factual findings and review for legal error. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). We review the post-conviction court's dismissal of a petition for legal error. *Hill v. Miller*, 330 Or App 386, 389, 543 P3d 772 (2024). On appeal, petitioner argues that the post-conviction court erred in dismissing the petition because, although the jury verdicts were unanimous, the petition could have been amended to argue that his trial counsel was ineffective in failing to object to a nonunanimous jury instruction.

---

[1] ORS 138.590(5) provides in part that if "appointed counsel believes that the original petition cannot be construed to state a ground for relief under ORS 138.510 to 138.680, and cannot be amended to state a ground for relief, counsel shall, in lieu of moving to amend the petition, inform the petitioner and notify the circuit court of counsel's belief by filing an affidavit stating the belief and the reasons therefor with the clerk of the circuit court."

[2] In *Ramos v. Louisiana*, 590 US 83, 140 S Ct 1390, 206 L Ed 2d 583 (2020), the United States Supreme Court held that the Sixth Amendment to the United States Constitution requires a jury to reach a unanimous verdict to convict someone of a felony.

Assuming without deciding that that argument was preserved, we conclude that the post-conviction court did not err in dismissing the petition. Petitioner does not argue that the untimeliness of the claims asserted in his petition should have been excused under the "escape clauses" in ORS 138.510(3) and ORS 138.550(3).[3] Instead, he argues that the petition could have been amended to assert a *Ramos* claim or an ineffective assistance of counsel claim based on the failure to raise the *Ramos* issue. Although petitioner could not reasonably have raised those claims before *Ramos*, in this instance, allowing the amendment would have been futile because, as petitioner acknowledges, his jury verdicts were unanimous. *See Eklof v. Persson*, 369 Or 531, 542, 508 P3d 468 (2022) ("justice does not require futile amendments to be allowed"); *see also Mandell v. Miller*, 326 Or App 807, 811, 533 P3d 815, *rev den*, 371 Or 476 (2023) ("[W]e conclude that post-conviction petitioners cannot prove that a *Ramos* violation was consequential in their case when the record does not indicate whether the jury that convicted them was, in fact, nonunanimous, and are therefore not entitled to relief."). We therefore reject the argument that the post-conviction court erred in dismissing the petition. In addition, having reviewed the arguments in petitioner's *pro se* supplemental brief, we reject them without discussion.

Affirmed.

---

[3] ORS 138.510(3) provides in part that a post-conviction petition must be filed within two years following the date a conviction became final, "unless the court on hearing a subsequent petition finds grounds for relief asserted which could not reasonably have been raised in the original or amended petition." ORS 138.550(3) provides in part that any grounds for relief not asserted in the original or amended petition are deemed waived "unless the court on hearing a subsequent petition finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition." It is questionable whether ORS 138.510(3) applies in the successive petition context. *See Hill*, 330 Or App at 394-95.