770       May 29, 2025       No. 469

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

THOMAS GERALD ERICKSON,
*Petitioner-Appellant,*

*v.*

David PEDRO,
Superintendent,
Eastern Oregon Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
21CV15393; A183805

J. Burdette Pratt, Senior Judge.

Submitted April 11, 2025.

Jason Weber and Equal Justice Law filed the brief for appellant

Ryan Kahn, Assistant Attorney General, waived appearance for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

Petitioner appeals a judgment denying post-conviction relief. Appointed counsel filed a brief pursuant to ORAP 5.90 and *State v. Balfour*, 311 Or 434, 814 P2d 1069 (1991). The brief does not contain a Section B. *See* ORAP 5.90(1)(b). We affirm.[1]

In February 2004, after a jury trial, petitioner was convicted of five counts of first-degree sodomy, five counts of first-degree sexual abuse, and one count of attempted first-degree rape and sentenced to a minimum of 750 months in prison.

In the post-conviction court, petitioner argued first that his jury instructions allowed for nonunanimous verdicts, relying on *Ramos v. Louisiana*, 590 US 83, 140 S Ct 1390, 206 L Ed 2d 583 (2020), and second that his appointed counsel provided ineffective assistance in failing to poll the jury. The post-conviction court rejected petitioner's first argument, finding that nothing in the record indicated that the verdicts were, in fact, nonunanimous. *See Mandell v. Miller*, 326 Or App 807, 811, 533 P3d 815, *rev den*, 371 Or 476 (2023) ("[P]ost-conviction petitioners cannot prove that a *Ramos* violation was consequential in their case when the record does not indicate whether the jury that convicted them was, in fact, nonunanimous, and are therefore not entitled to relief."). The post-conviction court rejected petitioner's second argument, concluding that it was barred under ORS 138.510(3) and ORS 138.550(3) and, in any event, appointed counsel's decision to not request a jury poll was not unreasonable. *See Mandell*, 326 Or App at 808 ("[T]rial counsel do not perform deficiently by failing to raise the unanimity issue before *Ramos* was litigated.").

Having reviewed the record, including the post-conviction court file and the transcript of the hearings, and having reviewed the *Balfour* brief, we have identified no arguably meritorious issues.

Affirmed.

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel. *See, e.g.*, *State v. Daily*, 335 Or App 198, 557 P3d 1153 (2024) (deciding matter submitted through *Balfour* process by two-judge panel); *State v. Goin*, 334 Or App 497, 556 P3d 663 (2024) (same).