No. 602          July 2, 2025          653

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

EUSEBIO RAYMUNDO NORIEGA,
*Petitioner-Appellant,*

*v.*

Jamie MILLER,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
21CV10410; A183026

J. Burdette Pratt, Senior Judge.

Submitted June 6, 2025.

Jedediah Peterson and Equal Justice Law, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Rebecca M. Auten, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Lagesen, Chief Judge, and Powers, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Petitioner appeals from a judgment denying his petition for post-conviction relief, raising two assignments of error. For the reasons stated below, we affirm.

In his first assignment, petitioner asserts that trial counsel was inadequate and ineffective for failing to preserve an argument that the nonunanimous jury instruction in his trial violated the United States Constitution. That argument is foreclosed by our decision in *Smith v. Kelly*, 318 Or App 567, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023).

In his second assignment, petitioner argues that he was entitled to post-conviction relief because the verdict in his trial was nonunanimous. The post-conviction court found that petitioner had not met his burden to prove that the jury verdict was nonunanimous as to any count of conviction. We are bound by the post-conviction court's findings of fact if there is evidence in the record to support them. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). That principle includes being bound by a finding that a party has not met the party's burden of proof. *State v. A. R. H.*, 371 Or 82, 96, 530 P3d 897 (2023) (describing principle that a reviewing court must accept a trial court's finding that a party did not meet its burden unless the record compels a different finding). Because the post-conviction court found that petitioner has not proved, as a matter of fact, that the verdict in his case was nonunanimous, he is not entitled to relief. *Mandell v. Miller*, 326 Or App 807, 533 P3d 815, *rev den*, 371 Or 476 (2023).

Affirmed.