No. 627          July 9, 2025          819

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

ANTHONY ABRAHAM,
*Petitioner-Appellant,*

*v.*

STATE OF OREGON,
*Defendant-Respondent.*

Umatilla County Circuit Court
21CV38672; A183689

J. Burdette Pratt, Senior Judge.

Argued and submitted June 6, 2025.

Jason E. Thompson argued the cause for appellant. Also on the brief was Thompson Law, LLC.

Rebecca M. Auten, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Petitioner appeals a judgment denying him post-conviction relief (PCR). In his only assignment of error, petitioner argues that the PCR court erred in determining he did not meet his burden of proving that his underlying criminal conviction was the result of a nonunanimous jury verdict. We affirm.

We review the PCR court's denial of post-conviction relief for errors of law and are bound by implicit and explicit findings of historical fact provided there is evidence to support them. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015).

In 2011, petitioner was found guilty of three counts of various sex offenses and sentenced to 124 months' imprisonment and post-prison supervision. The jury was not polled, but the following discussion took place between the judge and jury in order to confirm that at least 10 jurors agreed on each verdict:

"THE COURT: So you're the foreman of the jury, is that true, the presiding juror?

"THE JUROR: Yes sir.

"THE COURT: And the jury's reached a verdict?

"THE JUROR: Yes sir.

"THE COURT: And at least ten people agreed on each of the three charges?

"THE JUROR: Yes sir.

"THE COURT: Alright, I shall take the verdict form. Alright, we the jury duly impaneled and sworn in the above entitled court and cause; do find the defendant as to Unlawful Sexual Penetration in the first degree, guilty, Count 2, Sexual Abuse in the first degree, guilty, Count 3, Sexual Abuse in the first degree, guilty, dated October 12th, [2012], [presiding juror's name] presiding juror.

"Okay what I have originally just a few minutes ago, [presiding juror's name] said ten of you agreed, and now I have published the result. He didn't say what it was; he just said that ten of you have agreed. Now I have said what it is, guilty, guilty, guilty, so I am not asking what you voted

about, at four, I want to know if you all agree that ten of you agreed to these three verdicts, does everybody agree that ten people did, not necessarily you? You're very perceptible; I can see that, how about you four?"

Petitioner argued to the PCR court that exchange indicated a nonunanimous jury verdict, thus violating his Sixth Amendment right to a jury trial. *See Ramos v. Louisiana*, 590 US 83, 140 S Ct 1390, 206 L Ed 2d 583 (2020) (concluding that allowing nonunanimous jury verdicts in criminal trials is unconstitutional); *Watkins v. Ackley*, 370 Or 604, 523 P3d 86 (2022) (finding that *Ramos* protections may apply retroactively).

As petitioner saw it, because the trial judge addressed specific members of the jury to clarify his question, it meant that there was at least one juror who did not vote guilty. Petitioner also testified in an amended declaration (dated two years after his initial declaration in this case) that he remembered a juror shaking her head "no" during the above dialogue between the judge and the jury.

The PCR court denied relief. It found that the "ambiguous comment by the judge at the end of that dialogue does not prove that one or more of the jurors did not agree with one or more of the verdicts." Further, it found that petitioner's "belated memory of seeing a juror shake her head is not credible."

On appeal, petitioner renews his argument that the statements by the trial court after accepting the verdict demonstrated disagreement with the verdict. The state responds that the statement is ambiguous and can reflect other interpretations besides the existence of a nonunanimous verdict.

In light of our standard of review, we affirm. The PCR court's finding that petitioner failed to prove his verdicts were nonunanimous was supported by the record. The only evidence that petitioner put forth was a declaration that the PCR court determined was not credible and the opaque remark from the trial judge to the jury. As to the declaration, we are bound by the PCR court's credibility finding. *Newmann v. Highberger*, 330 Or App 229, 234, 543

P3d 172, *rev den*, 372 Or 588 (2024) ("The post-conviction court's finding on petitioner's credibility binds us on appeal \*\*\*."). And, as to the statement by the trial judge to the jury, we agree with the state that the evidence allows for different interpretations, including that the judge may have been speaking to the jury as a whole, or that the comment could have referenced an event from earlier in the trial. Because the evidence in the record does not compel a different conclusion, the PCR court did not err in finding that the verdicts were not nonunanimous. *See State v. Dilallo*, 367 Or 340, 478 P3d 509 (2020) (affirming defendant's conviction because he did not request a jury poll, and the record lacked any indication of whether the jury's verdicts were in fact nonunanimous); *see also Mandell v. Miller*, 326 Or App 807, 811, 533 P3d 815, *rev den*, 371 Or 476 (2023) (finding that general statistical data offered as evidence does not prove that a jury verdict was nonunanimous).

Accordingly, because we are bound by the implicit and explicit findings of the PCR court—and its findings were supported by the record—we conclude that the PCR court did not err in denying petitioner's claim for post-conviction relief.

Affirmed.