No. 778 August 27, 2025 145

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

TOMMY LEE MULLINGS,
*Petitioner-Appellant,*

*v.*

David PEDRO,
Superintendent,
Eastern Oregon Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
21CV15374; A185178

J. Burdette Pratt, Senior Judge.

Submitted July 11, 2025.

Jason Weber and Equal Justice Law filed the brief for appellant.

Erin Galli, Assistant Attorney General, waived appearance for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

Petitioner appeals a judgment denying post-conviction relief. Appointed counsel filed a brief pursuant to ORAP 5.90 and *State v. Balfour*, 311 Or 434, 814 P2d 1069 (1991). The brief does not contain a Section B. *See* ORAP 5.90(1)(b). We affirm.[1]

Petitioner was convicted in 2012 of Sodomy in the First Degree (Counts 1-4), Unlawful Sexual Penetration in the First Degree (Counts 5-6), and Sexual Abuse in the First Degree (Counts 7-10) and sentenced to a total of 600 months in prison.

In the post-conviction court, relying on *Ramos v. Louisiana*, 590 US 83, 140 S Ct 1390, 206 L Ed 2d 583 (2020), petitioner argued that his convictions were obtained by nonunanimous jury verdicts. He argued that there was more than a mere possibility that he was convicted of one or more counts by a nonunanimous verdict, offering statistical evidence showing that, where the record reflected a jury poll, 65.5% of Oregon felony cases included a nonunanimous verdict on at least one count in 2007 and 2008. The post-conviction court determined that petitioner did not provide dispositive evidence that one or more of the convictions in his case resulted from nonunanimous verdicts and denied relief. *Mandell v. Miller*, 326 Or App 807, 811, 533 P3d 815, *rev den*, 371 Or 476 (2023) ("[P]ost-conviction petitioners cannot prove that a *Ramos* violation was consequential in their case when the record does not indicate whether the jury that convicted them was, in fact, nonunanimous, and are therefore not entitled to relief.").

Having reviewed the record, including the post-conviction court file and the transcript of the hearings, and having reviewed the *Balfour* brief, we have identified no arguably meritorious issues.

Affirmed.

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel.