No. 854 October 1, 2025 707

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

ARTURO GARCIA,
*Petitioner-Appellant,*

*v.*

Erin REYES,
Superintendent,
Two Rivers Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
20CV41798; A185074

J. Burdette Pratt, Senior Judge.

Submitted August 8, 2025.

Jason Weber and Equal Justice Law filed the brief for appellant.

Ryan Kahn, Assistant Attorney General, waived appearance for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

Petitioner appeals a judgment denying post-conviction relief. Appointed counsel filed a brief pursuant to ORAP 5.90 and *State v. Balfour*, 311 Or 434, 814 P2d 1069 (1991). The brief does not contain a Section B. *See* ORAP 5.90(1)(b). We affirm.[1]

In his underlying criminal case, petitioner was convicted of three counts of first-degree robbery and three counts of second-degree robbery. The second-degree counts merged with the first-degree counts. Defendant's trial was held in April 2008. At the conclusion of the trial, the court gave the standard jury instruction in Oregon at the time, allowing the jury to reach a verdict if at least 10 jurors agreed.

In the post-conviction court, relying on *Ramos v. Louisiana*, 590 US 83, 140 S Ct 1390, 206 L Ed 2d 583 (2020), petitioner alleged that his trial counsel's performance was deficient for failing to request unanimous-verdict jury instructions and for failing to poll the jury. The post-conviction court denied relief. *See Mandell v. Miller*, 326 Or App 807, 817, 533 P3d 815, *rev den*, 371 Or 476 (2023) (trial counsel's failure to object to nonunanimous jury instructions and failure to request that the jury be polled before *Ramos* was decided were not deficient performance); *Smith v. Kelly*, 318 Or App 567, 569, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023) (holding that defense counsel's pre-*Ramos* failure to object to nonunanimous jury instructions did not constitute a failure to exercise reasonable professional skill and judgment). In addition, petitioner alleged that the nonunanimous jury instruction resulted in "structural error." The post-conviction court denied that claim, and entered a detailed judgment denying relief on each of petitioner's claims. *See State v. Ramos*, 367 Or 292, 319, 478 P3d 515 (2020) (*Ramos* instructional error is not the type of constitutional violation that would constitute structural error).

Having reviewed the record, including the post-conviction court file and the transcript of the hearings, and

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel.

having reviewed the *Balfour* brief, we have identified no arguably meritorious issues.

Affirmed.