No. 951　　　　　October 29, 2025　　　　　591

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

DEMETRIUS LAVEL VAUGHAN-FRANCE,
*Petitioner-Appellant,*

*v.*

Jeremy WAGNER,
Acting Superintendent,
Oregon State Correctional Institution,
*Defendant-Respondent.*

Marion County Circuit Court
20CV30444; A185487

Patricia A. Sullivan, Senior Judge.

Submitted September 12, 2025.

Jason Weber and Equal Justice Law filed the brief for appellant.

Ryan Kahn, Assistant Attorney General, waived appearance for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

Petitioner appeals a judgment denying post-conviction relief. Appointed counsel filed a brief pursuant to ORAP 5.90 and *State v. Balfour*, 311 Or 434, 814 P2d 1069 (1991). The brief does not contain a Section B. *See* ORAP 5.90(1)(b). We affirm.[1]

In his underlying criminal case, after a jury trial, petitioner was convicted of numerous offenses. On direct appeal, we remanded his case for resentencing. He was sentenced to a total of 124 months' incarceration and 3 years' post-prison supervision.

In the post-conviction court, petitioner alleged that trial counsel did not provide adequate and effective assistance of counsel when counsel failed to object or otherwise preserve as error for appeal, the trial court's acceptance of a verdict after the jury had been instructed that it could reach a nonunanimous verdict. He also alleged a direct deprivation of his rights to due process and fundamental fairness under the state and federal constitutions.

The post-conviction court denied relief on both claims, explaining that trial counsel had requested a special jury instruction requiring a unanimous verdict, and when the trial court denied the request, she took exception to the ruling. But, at the time of petitioner's trial, *Ramos v. Louisiana*, 590 US 83, 140 S Ct 1390, 206 L Ed 2d 583 (2020), had not yet been decided, and *Apodaca v. Oregon*, 406 US 404, 92 S Ct 1628, 32 L Ed 2d 184 (1972), was the controlling authority. *See also Mandell v. Miller*, 326 Or App 807, 808, 533 P3d 815, 817 (2023), *rev den*, 371 Or 476 (2023), (trial counsel's pre-*Ramos* decision not to challenge the nonunanimous jury instruction and not to request a jury poll was not deficient performance). In addition, the post-conviction court found that petitioner had not proved that any of the guilty verdicts were not unanimous; the post-conviction court found, based on the trial court's questions after the verdict, that it appeared that the verdicts were unanimous. Finally, the post-conviction court denied the

___

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel.

direct due process deprivation claim for the same reasons as the inadequate and ineffective assistance of counsel claim.

Having reviewed the record, including the post-conviction court file and the transcript of the hearings, and having reviewed the *Balfour* brief, we have identified no arguably meritorious issues.[2]

Affirmed.

---

[2] To the extent that the post-conviction court concluded that petitioner's due-process claim failed because his trial took place before the Supreme Court decided *Ramos*, the post-conviction court erred. *See Watkins v. Ackley*, 370 Or 604, 633-34 523 P3d 86 (2022) (recognizing that Oregon post-conviction petitioners are entitled to relief for *Ramos* violations occurring before the decision in *Ramos*). That error does not present an arguably meritorious issue for appeal because, as the post-conviction court also found, petitioner did not demonstrate that any of his convictions resulted from nonunanimous verdicts. That finding is supported by the record and precludes the conclusion that petitioner has an arguably meritorious due-process claim under *Ramos*. *Mandell*, 326 Or App at 811 (concluding "that post-conviction petitioners cannot prove a *Ramos* violation was consequential in their case when the record does not indicate whether the jury that convicted them was, in fact, nonunanimous, and are therefore not entitled to relief.").