112 December 24, 2025 No. 1128

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

DAVID ERNEST ISRINGHAUSEN,
*Petitioner-Appellant,*

*v.*

Brandon KELLY,
Superintendent,
Oregon State Penitentiary,
*Defendant-Respondent.*

Marion County Circuit Court
20CV19728; A184021

Patricia A. Sullivan, Senior Judge.

Submitted November 24, 2025.

Jedediah Peterson and Equal Justice Law filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Rebecca M. Auten, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Petitioner appeals a judgment denying post-conviction relief. In 1994, a jury found defendant guilty of 17 crimes and acquitted him of two crimes. In 2020, following the United States Supreme Court's decision in *Ramos v. Louisiana*, 590 US 83, 140 S Ct 1390, 206 L Ed 2d 583 (2020), petitioner filed a successive petition for post-conviction relief, asserting a standalone claim based on nonunanimous jury verdicts. The post-conviction court denied relief, which petitioner claims was error. For the following reasons, we affirm.

The Sixth Amendment requires that a jury reach a unanimous verdict to convict someone of a serious offense. *Ramos*, 590 US at 93. Prior to *Ramos*, as to most serious offenses, the practice in Oregon was to instruct juries that only 10 jurors needed to agree on guilt, so *Ramos* resulted in a wave of litigation challenging past convictions entered in cases where the erroneous instruction was given.

Under the resulting case law, when it is proven that a conviction for a serious offense was entered based on a nonunanimous verdict, the proceeding must be recognized as fundamentally unfair, and post-conviction relief must be granted. *Watkins v. Ackley*, 370 Or 604, 633, 523 P3d 86 (2022). Conversely, when nonunanimity is *not* established—usually because there was no jury poll—post-conviction relief is unavailable. *State v. Dilallo*, 367 Or 340, 346-48, 478 P3d 509 (2020) (rejecting unpreserved challenge to nonunanimous verdict instruction on direct appeal, where no jury poll was taken, in part to avoid giving an unfair advantage to defendants who did not request a poll); *Mandell v. Miller*, 326 Or App 807, 811, 533 P3d 815, *rev den*, 371 Or 476 (2023) (extending the same principle to post-conviction relief, explaining that "post-conviction petitioners cannot prove that a *Ramos* violation was consequential in their case when the record does not indicate whether the jury that convicted them was, in fact, nonunanimous," and holding that petitioners are not entitled to post-conviction relief when they fail to prove that the verdict underlying a conviction was nonunanimous).

In this case, the jury found defendant guilty on 17 counts, rejected the firearm enhancement for those counts on which it was alleged, and found defendant not guilty on two counts. Defendant requested a jury poll. Referring to all of the verdicts collectively, the trial court asked each juror whether "this is your own verdict." Eleven jurors answered yes, and one answered no. Petitioner argues that the one "no" answer necessarily means that at least one of the guilty verdicts was nonunanimous, entitling him to post-conviction relief on all 17 convictions. We disagree. As the state correctly points out, it is possible that the juror answered "no" due to having voted not guilty on one or more of the 17 counts of convictions, but it is equally possible that the juror was referring to having voted "yes" on the firearm enhancement for one or more counts or to having voted "guilty" on one of the two counts of acquittal. There is simply no way to know on this record whether any of the verdicts were nonunanimous, which defeats petitioner's claim under *Mandell*. The judgment denying post-conviction relief is affirmed.

Affirmed.