80 December 24, 2025 No. 1119

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

JAIME DARNELL HENDERSON, SR.,
*Petitioner-Appellant,*

*v.*

Joshua HIGHBERGER,
Superintendent,
Oregon State Correctional Institution,
*Defendant-Respondent.*

Marion County Circuit Court
21CV15968; A183487

Patricia A. Sullivan, Senior Judge.

Submitted November 24, 2025.

Jedediah Peterson and Equal Justice Law filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Rebecca M. Auten, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

AOYAGI, P. J.

Affirmed.

**AOYAGI, P. J.**

Petitioner appeals a judgment denying post-conviction relief. In 2009, a jury found petitioner guilty of first-degree assault with a firearm, attempted murder with a firearm, unlawful use of a weapon with a firearm, and felon in possession of a firearm. In 2021, petitioner filed an unsuccessful petition for post-conviction relief. Petitioner raises four assignments of error on appeal. In his first assignment, he argues that the post-conviction court erred in denying his motion to vacate the hearing date. In his second through fourth assignments, he challenges the denial of his three claims relating to nonunanimous jury verdicts. For the following reasons, we affirm.

*Denial of continuance.* Petitioner contends that the post-conviction court erred in denying his motion to vacate the post-conviction hearing date—which was effectively a motion for continuance—based on petitioner wanting to move for an order allowing contact with the jurors to find out whether their verdicts were unanimous. We agree with the superintendent that the post-conviction court did not abuse its discretion. At the time of ruling, there was no pending motion to access jury records, it was too late to file such a motion without good cause, there was no indication of good cause, and the superintendent intended to object to such a motion if filed. Under the circumstances, the post-conviction court did not abuse its discretion in denying the motion to vacate. The court was under no obligation to reset the trial date to give petitioner a second chance to file a timely motion for jury records. *See* ORS 138.585 (providing that a post-conviction petitioner "who seeks jury records that are confidential under ORS 10.215" must include the request either in the petition or in a motion "filed not later than 90 days before the hearing date for the petition, unless the court allows a later filing for good cause shown"). We reject the first assignment of error.

*Nonunanimous-verdict claims.* The Sixth Amendment requires that a jury reach a unanimous verdict to convict someone of a serious offense. *Ramos v. Louisiana*, 590 US 83, 93, 140 S Ct 1390, 206 L Ed 2d 583 (2020). Prior to *Ramos*, as to most serious offenses, the practice in Oregon

was to instruct juries that only 10 jurors needed to agree on guilt, so *Ramos* resulted in a wave of litigation regarding when relief is available for past convictions entered in cases where the erroneous instruction was given. In this case, petitioner raised the *Ramos* issue in three different ways in post-conviction. He claimed (1) structural error, (2) inadequate and ineffective assistance of counsel in failing to object to a nonunanimous verdict instruction and in failing to request a poll of the jury, and (3) a standalone claim of constitutional error.

We begin with the second claim. A criminal defendant has the right to adequate and effective assistance of counsel under Article I, section 11, of the Oregon Constitution and the Sixth Amendment to the United States Constitution. *Antoine v. Taylor*, 368 Or 760, 767, 499 P3d 48 (2021). A violation of that right entitles a petitioner to post-conviction relief. ORS 138.530(1)(a). Under the Oregon Constitution, to succeed on a claim of inadequate assistance, a petitioner must establish by a preponderance of the evidence that "counsel failed to exercise reasonable professional skill and judgment, and that the petitioner suffered prejudice as a result." *Johnson v. Premo*, 361 Or 688, 699, 399 P3d 431 (2017). "A functionally equivalent two-element standard governs petitioner's claim of ineffective assistance of counsel under the Sixth Amendment." *Smith v. Kelly*, 318 Or App 567, 568-69, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023).

As petitioner acknowledges, his claim of inadequate and ineffective assistance of counsel is foreclosed by existing case law such as *Peeler v. Reyes*, 328 Or App 110, 119, 537 P3d 206 (2023), *rev den*, 371 Or 825 (2024), and *Smith v. Kelly*, 318 Or App 567, 569-70, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023). Petitioner submits that those cases were wrongly decided, and he "raises the argument in the case that the Oregon Supreme Court disagrees [with those decisions] or resolves the issue differently." Based on existing case law, we affirm the denial of relief on the second claim.

We next consider the first and third claims. When it is established that a conviction for a serious offense was entered on a nonunanimous verdict, the proceeding must

be recognized as fundamentally unfair, and post-conviction relief must be granted. *Watkins v. Ackley*, 370 Or 604, 633, 523 P3d 86 (2022). Conversely, when nonunanimity is *not* established—usually because there was no jury poll—post-conviction relief is unavailable. *Mandell v. Miller*, 326 Or App 807, 811, 533 P3d 815, *rev den,* 371 Or 476 (2023) (holding that petitioners are not entitled to post-conviction relief when they fail to prove that the verdict underlying a conviction was nonunanimous, because, in such circumstances, they cannot prove that a *Ramos* violation was consequential).

In this case, no jury poll was taken at petitioner's trial. Instead, the trial court asked whether, as to each count, the verdict given was "the verdict of at least ten" of the 12 jurors. The presiding juror answered affirmatively. The trial court then asked whether "the same ten voted for the answer that was given to the additional questions." The presiding juror again answered affirmatively. We disagree with petitioner that the presiding juror answering the latter question affirmatively without "correct[ing] the court to say that more than ten jurors had agreed on the verdict" supports, let alone mandates, a finding that only 10 jurors agreed on the guilty verdicts. The presiding juror's acceptance of the question as phrased by the court reveals nothing about the actual vote on each count. We therefore affirm the denial of relief on the first and third claims.

Affirmed.