118 December 24, 2025 No. 1130

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

ARACELY HERNANDEZ,
*Petitioner-Appellant,*

*v.*

Nichole BROWN,
Superintendent,
Coffee Creek Correctional Institution,
*Defendant-Respondent.*

Washington County Circuit Court
22CV02663; A184044

Patricia A. Sullivan, Senior Judge.

Submitted November 24, 2025.

Jedediah Peterson and Equal Justice Law filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Rebecca M. Auten, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Petitioner appeals a judgment denying post-conviction relief. A jury found defendant guilty of first-degree assault, second-degree assault, and unlawful use of a weapon (UUW). The recorded verdicts were 11-1, 12-0, and 12-0, respectively. A judgment of conviction was entered for first-degree assault and UUW; the second-degree assault verdict merged. Once the judgment of conviction was final, petitioner sought post-conviction relief, asserting a stand-alone claim based on the jury instruction on nonunanimous guilty verdicts. The post-conviction court granted relief as to the first-degree assault conviction and otherwise denied relief. In her sole assignment of error, petitioner contends that the post-conviction court erred in denying relief as to the second-degree assault and UUW charges. For the following reasons, we affirm.

The Sixth Amendment to the United States Constitution requires that a jury reach a unanimous verdict to convict someone of a serious offense. *Ramos v. Louisiana*, 590 US 83, 93, 140 S Ct 1390, 206 L Ed 2d 583 (2020). Prior to *Ramos*, as to most serious offenses, the practice in Oregon was to instruct juries that only 10 jurors needed to agree on guilt, so *Ramos* resulted in a wave of litigation regarding when relief is available for past convictions entered in cases where the erroneous instruction was given.

As relevant here, when it is established that a conviction for a serious offense was entered on a nonunanimous verdict, the proceeding must be recognized as fundamentally unfair, and post-conviction relief must be granted. *Watkins v. Ackley*, 370 Or 604, 633, 523 P3d 86 (2022). Conversely, when nonunanimity is *not* established—usually because there was no jury poll—post-conviction relief is unavailable. *State v. Dilallo*, 367 Or 340, 346-48, 478 P3d 509 (2020) (rejecting unpreserved challenge to nonunanimous verdict instruction on direct appeal, where no jury poll was taken, in part to avoid giving an unfair advantage to defendants who did not request a poll); *Mandell v. Miller*, 326 Or App 807, 811, 533 P3d 815, *rev den,* 371 Or 476 (2023) (extending the same principle to post-conviction relief, explaining that "post-conviction petitioners cannot prove that a *Ramos*

violation was consequential in their case when the record does not indicate whether the jury that convicted them was, in fact, nonunanimous," and holding that petitioners are not entitled to post-conviction relief when they fail to prove that the verdict underlying a conviction was nonunanimous).

In this case, the presiding juror reported that the jury's vote was 12-0 on second-degree assault and 12-0 on UUW. The court released the jury. The prosecutor then belatedly requested individual polling of the jury, which the court denied. Petitioner argues that the trial court was wrong to deny the polling request and that she is therefore entitled to post-conviction relief on the counts for which individual polling was not done, regardless of the unanimous verdicts reported by the presiding juror. We disagree. The post-conviction court found that the verdicts were unanimous on the counts at issue, and that finding is supported by evidence in the record. Whether or not a poll should have been done when the prosecutor requested it, the only evidence is that the verdicts on those counts were unanimous, so petitioner cannot prove on this record that the nonunanimity instruction was consequential as to those counts. The post-conviction judgment is affirmed.

Affirmed.