84 December 24, 2025 No. 1120

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

LEVON TROY LORD,
*Petitioner-Appellant,*

*v.*

David PEDRO,
Superintendent,
Eastern Oregon Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
21CV46111; A183765

W. D. Cramer, Jr., Senior Judge.

Submitted November 24, 2025.

Jedediah Peterson and Equal Justice Law filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Jordan R. Silk, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

AOYAGI, P. J.

Affirmed.

**AOYAGI, P. J.**

Petitioner appeals a judgment denying post-conviction relief. After a jury trial, petitioner was found guilty and convicted of nine crimes arising out of two separate incidents. Once the judgment of conviction was final, petitioner sought post-conviction relief, which was denied. Petitioner raises three assignments of error on appeal. In his first and second assignments, he argues that the post-conviction court erred in rejecting his claims that his trial counsel provided constitutionally inadequate and ineffective assistance by failing to offer certain evidence at trial relating to the bullets recovered from the two crime scenes. In his third assignment, he argues that the post-conviction court erred in rejecting his standalone claim based on nonunanimous jury verdicts. For the following reasons, we affirm.

*Assistance of Counsel.* A criminal defendant has the right to adequate and effective assistance of counsel under Article I, section 11, of the Oregon Constitution and the Sixth Amendment to the United States Constitution. *Antoine v. Taylor*, 368 Or 760, 767, 499 P3d 48 (2021). A violation of that right entitles a petitioner to post-conviction relief. ORS 138.530(1)(a). Under the Oregon Constitution, to succeed on a claim of inadequate assistance, a petitioner must establish by a preponderance of the evidence that "counsel failed to exercise reasonable professional skill and judgment, and that the petitioner suffered prejudice as a result." *Johnson v. Premo*, 361 Or 688, 699, 399 P3d 431 (2017). "A functionally equivalent two-element standard governs petitioner's claim of ineffective assistance of counsel under the Sixth Amendment." *Smith v. Kelly*, 318 Or App 567, 568-69, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023).

When the post-conviction court denies relief on a claim of inadequate or ineffective assistance of counsel, we review for errors of law. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). In doing so, we are bound by the post-conviction court's findings of historical fact so long as there is evidence in the record to support them, and, to the extent that the court did not make explicit findings on all issues as to which the facts could be decided more than one way, we will presume that it decided the facts in a manner consistent

with its conclusions of law. *Id.* Here, having considered the parties' arguments and the record, we conclude that the post-conviction court did not err in deciding that trial counsel's performance was not constitutionally deficient. We need not reach the parties' prejudice arguments given that determination. We affirm the denial of post-conviction relief on the eighth and ninth claims.

*Nonunanimous Verdicts.* The Sixth Amendment requires that a jury reach a unanimous verdict to convict someone of a serious offense. *Ramos v. Louisiana*, 590 US 83, 140 S Ct 1390, 206 L Ed 2d 583 (2020). Prior to *Ramos*, as to most serious offenses, the practice in Oregon was to instruct jurors that only 10 jurors needed to agree on guilt, so *Ramos* resulted in a wave of litigation regarding when relief is available for past convictions entered in cases where the erroneous instruction was given.

As relevant here, when it is established that a conviction for a serious offense was entered on a nonunanimous verdict, the proceeding must be recognized as fundamentally unfair, and post-conviction relief must be granted. *Watkins v. Ackley*, 370 Or 604, 633, 523 P3d 86 (2022). Conversely, when nonunanimity is *not* established—usually because there was no jury poll—post-conviction relief is unavailable. *State v. Dilallo*, 367 Or 340, 348-49, 478 P3d 509 (2020) (rejecting unpreserved challenge to nonunanimous verdict instruction on direct appeal, where no jury poll was taken, in part to avoid giving an unfair advantage to defendants who did not request a poll); *Mandell v. Miller*, 326 Or App 807, 811, 533 P3d 815, *rev den*, 371 Or 476 (2023) (extending the same principle to post-conviction relief, explaining that "post-conviction petitioners cannot prove that a *Ramos* violation was consequential in their case when the record does not indicate whether the jury that convicted them was, in fact, nonunanimous," and holding that petitioners are not entitled to post-conviction relief when they fail to prove that the verdict underlying a conviction was nonunanimous).

In this case, no jury poll was taken at petitioner's trial. The jurors unanimously confirmed (by nodding their heads) that at least 10 jurors had found defendant guilty, but no polling was done to establish how many jurors voted

guilty on each of the nine counts. Petitioner contends that he is nonetheless entitled to post-conviction relief because, in May 2020, the state filed a written concession of nonunanimity in his direct appeal. The post-conviction court was unpersuaded by the concession evidence, because there was no jury poll or anything else in the trial record to support it, and the concession itself contained no explanation of its factual basis. (The state now refers to the prior concession as "obviously mistaken.")

Petitioner argues that he "offered evidence that the verdicts were nonunanimous," which "satisfied his burden to prevail on his claim," and that he is therefore entitled to post-conviction relief. We disagree. Whether or not the concession evidence was legally sufficient to prove nonunanimity, the post-conviction court found it *unpersuasive*, given the lack of any factual basis to support it.[1] We cannot say on this record that the post-conviction court was required as a matter of law to find that the verdicts underlying petitioner's convictions were nonunanimous. Accordingly, we affirm the denial of relief on the fourth claim.

Affirmed.

---

[1] The concession at issue was filed in May 2020 when the state was working through a large list of cases potentially affected by *Ramos* and notifying the appellate courts of its position in each case—a process referenced in the concession filing. There is always a risk of error in such a high-volume endeavor. Moreover, the Supreme Court appears to have rejected the same state concession in the direct appeal proceeding. In February 2020, we affirmed petitioner's convictions on direct appeal. *State v. Lord*, 301 Or App 653, 458 P3d 701 (2020), *rev den*, 368 Or 514 (2021). Petitioner sought review in the Oregon Supreme Court, including on the nonunanimity issue. In April 2020, the United States Supreme Court decided *Ramos*. In May 2020, the state filed the concession at issue in the Oregon Supreme Court case, stating that it was conceding plain error, that the verdicts were nonunanimous, and that it was a matter of discretion whether to correct. The Supreme Court ordered the case to be held in abeyance. Over the next year, it issued various decisions applying *Ramos* in different postures, including reversing convictions on plain-error review where a jury poll showed nonunanimous verdicts, *State v. Ulery*, 366 Or 500, 464 P3d 1123 (2020), and affirming convictions on plain-error review where the record did not establish nonunanimity, *Dilallo*, 367 Or at 346-47. In August 2021, the Supreme Court denied review in petitioner's direct appeal, 368 Or at 514, which presumably means that it viewed his case as governed by *Dilallo* (no record of nonunanimous verdicts) rather than *Ulery* (record of nonunanimous verdicts).